IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



JESSE D. PELLOW,
    Plaintiff,

v.                                                                      Civil No. 3:26cv99 (DJN)

GARVEY MANOR NURSING HOME, *et al.*,
    Defendants.

## ORDER
### (Dismissing Complaint)

This matter comes before the Court on *pro se* Plaintiff Jesse D. Pellow's ("Plaintiff") "Amended Complaint for a More Particularized Complaint" (ECF No. 3 ("Amended Complaint" or "Am. Compl.").  Plaintiff's Amended Complaint is legally deficient and fails to comport with the Court's prior directives.  For the reasons set forth below, the Court hereby DISMISSES WITHOUT PREJUDICE Plaintiff's Amended Complaint (ECF No. 3).

On February 6, 2026, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion for Leave to Proceed *in forma pauperis*") (ECF No. 1) and Complaint (ECF No. 1-1).  The Court found that Plaintiff qualified to proceed *in forma pauperis* and provisionally granted that motion.  (ECF No. 2 at 1.)  However, the Court also reviewed Plaintiff's Complaint and his attached "Notice of Lawsuit" (ECF No. 1-2) and found that the Complaint did not satisfy Federal Rule of Civil Procedure 8.  (*Id.*)  Plaintiffs' proposed complaint failed to establish a valid basis for this Court's jurisdiction.  (*Id.*)  In addition, the Court found that Plaintiff's long, meandering narrative filled with grievances against numerous private parties and public officials in Pennsylvania stood devoid of specific allegations concerning what legal violations were allegedly committed and by whom.  (*Id.* at 2.)  Rather than

dismiss the Complaint on the basis of these deficiencies, the Court provided Plaintiff with the opportunity to file an amended complaint within twenty-one (21) days and a list of specific instructions that Plaintiff was directed to follow in order that the amended complaint would conform with Federal Rule of Civil Procedure 8 and this Court's local rules. (*Id*. at 2–3.) These instructions included the directive to set forth an initial paragraph listing the defendants followed by numbered paragraphs setting forth "a short statement of the facts giving rise to his claims." (*Id*.) The Court directed Plaintiff to "clearly identify each federal or state law allegedly violated" and by whom. (*Id*. at 3.) The Court separately reminded Plaintiff of his obligation to state why the Court has jurisdiction over his case. (*Id*. at 2.) Finally, the Court ordered that "Plaintiff must also state the relief sought." (*Id.* at 3.) The Court instructed Plaintiff that his "failure to strictly comply with the Court's directive and with applicable rules will result in DISMISSAL of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.* at 4.)

Plaintiff failed, across the board, to comply with the Court's directions, warranting dismissal pursuant to Rule 41(b). Plaintiff's factual narrative jumps between a host of convoluted accusations and insults against various defendants and non-parties that spans multiple pages in a seemingly stream-of-consciousness format. Plaintiff fails to clearly identify what laws specific defendants are alleged to have violated, providing only a partially illegible list of constitutional provisions without clearly attributing violations to any particular defendants. (Am. Compl. at 14.) Plaintiff's prayer for relief is also internally inconsistent; while he asserts that he is "seeking damages of $25 million" to assert a basis for diversity jurisdiction, his relief section lists only injunctive relief, just like his original complaint. (*Id.* at 14; ECF No. 1-1 at 5.) This failure to comply with the Court's Order warrants dismissal of Plaintiff's Amended Complaint.

In addition, the Court finds that Plaintiff's Amended Complaint fails to state a valid

claim, providing additional grounds for dismissal. "Under 28 U.S.C. § 1915(e), which governs IFP filings . . . a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). The second ground for dismissal — a complaint's failure to state a claim — is governed by the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Raynor v. United States*, No. 3:24CV781 (DJN), 2026 WL 1265801, at *1 (E.D. Va. May 8, 2026) (setting forth Rule 12(b)(6) standard). When a plaintiff proceeds *pro se*, courts construe a complaint liberally to ensure that potentially meritorious claims survive. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). "[T]his liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). "Principles requiring generous construction of *pro se* complaints are not, however, without limits," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), and courts cannot "conjure up every claim imaginable from the plaintiff's allegations." *Jackson v. Dameron*, 171 F.4th 641, 645 (4th Cir. 2026).

Applying these standards here, the court concludes that Plaintiff's Amended Complaint warrants dismissal pursuant to § 1915A(b)(1). Plaintiff's allegations — to the extent that the Court can distill them from his personal grievances and profanity-filled narrative — are entirely conclusory in nature; he does not provide any specific factual allegations describing specific actions that would render any of his constitutional claims plausible for purposes of clearing the Rule 12(b)(6) standard. *See Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026) ("A plaintiff who makes only collective allegations against all Defendants —without specifying how each individual defendant interacted with [him] or bore responsibility for the alleged constitutional

3

deprivation — has not stated a plausible claim against any defendant.") (internal quotation marks omitted).  On this basis, the Court finds that Plaintiff fails to state a claim, warranting dismissal of this action under 28 U.S.C. § 1915(e) as well.

For all of these reasons, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's Amended Complaint (ECF No. 3).  Plaintiff does not request, and the Court does not grant, leave to amend, rendering this order final and appealable.  *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (holding that an order dismissing a case without leave to amend is final and appealable).  Should Plaintiff desire to appeal, a written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof.  Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

The Court DIRECTS the Clerk to close the case.

Let the Clerk file a copy of this Order electronically and mail a copy to Plaintiff.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: May 11, 2026

4